UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| FEDERATION OF APPALACHIAN | ) | |
|---|---|---|
| HOUSING ENTERPRISES, INC. | ) | |
| | ) | CIVIL ACTION NO. 5:13-181 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| PARKER-HANNIFIN CORPORATION | ) | |
| | ) | |
| Defendant | ) | |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to dismiss (DE 15) filed by the Plaintiff, Federation of Appalachian Housing Enterprises, Inc. ("FAHE"). With its motion, FAHE moves to dismiss the counterclaim filed against it by Defendant, Parker-Hannifin Corporation. For the following reasons, the motion will be granted in part and denied in part.

I.  Background

FAHE purchased some property located in Berea from Parker. With its complaint, FAHE alleges that, after it purchased the property, it conducted an investigation to determine whether any hazardous substances were located on it. (DE 1-1, Complaint ¶ 7.) It alleges that it detected the presence of hazardous material, which was the result of Parker's past use of the property as a manufacturing facility. (DE 1-1, Complaint ¶ 9.)

FAHE states it was required under Kentucky law to notify the Kentucky Energy and Environment Cabinet of the hazardous material and that it did so. (DE 1-1, Complaint ¶

12.) FAHE states the cabinet then ordered FAHE to perform certain remediation on the property. (DE 1-1, Complaint ¶ 13.) It asserts the purchase contract by which it bought the property requires Parker to indemnify FAHE for the remediation work. FAHE asserts it has incurred substantial costs to investigate, characterize, and remediate the property but Parker has refused to indemnify it. (DE 1-1, Complaint ¶¶ 19-20.) FAHE asserts a claim for a declaratory judgment and for breach of contract.

Parker responds with a counterclaim by which it asserts that FAHE was the party who breached the contract. (DE 11, Counterclaim.) Parker asserts a breach of contract claim against FAHE, a claim for breach of the implied covenant of good faith and fair dealing and a claim for fraud in the inducement. FAHE moves to dismiss all of these claims.

II. Analysis

For its counterclaim, Parker asserts that FAHE breached a contractual provision prohibiting it from conducting the investigation of the property. It relies on the following provision in the contract:

> Purchaser shall not perform or allow any environmental or Hazardous Material testing or sampling at or around the property. Seller shall have no liability for any losses with respect to matters identified or claims or demands arising in connection with any breach of this section.

(DE 15-2, Contract ¶ 7, Continuing Obligations for Environmental Conditions.)

In its motion to dismiss, FAHE argues this provision is void because it would require FAHE to violate a Kentucky statute that requires environmental testing or sampling in certain circumstances. That statute provides:

> Any person possessing or controlling a hazardous substance, pollutant, or contaminant which is released to the environment, or any person who caused a release to the environment of a hazardous substance, pollutant, or contaminant, shall characterize the extent of the release as necessary to

> determine the effect of the release on the environment, and shall take actions necessary to correct the effect of the release on the environment

KRS § 224.1-400(18).

It is clear that any agreement that would require FAHE to violate the law could not be enforced. "Agreements that run contrary to law, or are designed to avoid the effect of a statute, are illegal." *S.J.L.S. v. T.L.S.*, 265 S.W.3d 804, 821 (Ky. App. 2008). Thus, to the extent that any law requires that FAHE conduct environmental or Hazardous Material testing or sampling or that FAHE permit such testing or sampling to be done by another party, the contract could not prohibit FAHE from doing so.

The Court does not have sufficient information, however, to find that the Kentucky statute relied upon by FAHE requires it to conduct such testing or sampling. The statute applies to "[a]ny person possessing or controlling a hazardous substance, pollutant, contaminant" or any person "who caused a release to the environment" of such a substance. Further, the statute applies when such a substance is "released to the environment." The Court cannot determine on this motion to dismiss that FAHE possesses or controls such substances or that any such substances were "released" for purposes of the statute.

It would also seem that forever prohibiting a property owner from conducting any environmental or hazardous material testing or sampling would be contrary to public policy, even if no statute specifically requires such testing. In *Westlake Vinyls, Inc. v. Goodrich Corp.*, 518 F. Supp. 2d 947 (W.D. Ky. 2007), the court found "the state has an interest in protecting the health of its environment and its people from the effects of pollution." *Id.* at 953. In its motion, however, FAHE focuses more heavily on its argument that the provision would require it to violate the Kentucky statute discussed above than on how the provision would violate a public policy of protecting the environment. Thus, the Court cannot find in this opinion that the provision violates public policy.

3

Moreover, FAHE does not address whether, if the Court should determine that this provision is void, it is separable from the remainder of the contract.

Further, Parker seems to argue that the contract does not really prohibit FAHE from conducting environmental investigations at all but simply provides that, if FAHE chooses to conduct environmental investigations of the property, Parker is not liable for any costs to remedy the environmental issues that the investigation may uncover. (DE 16, Response at CM-ECF p. 8.) To arrive at this interpretation, Parker points out that the same provision that prohibits FAHE from doing any environmental testing or sampling also provides that Parker "shall have no liability for any losses with respect to matters identified or claims or demands arising in connection with any breach of this section." (DE 15-2, Contract ¶ 7, Contractual Obligations for Environmental Conditions.) Parker also cites an indemnification provision that requires FAHE to indemnify Parker for any costs that Parker incurs "by reason of or in connection with" any breach by FAHE. (DE 15-2, Contract ¶ 6, Indemnification.)

Interpreting the contract to provide that, if FAHE conducts environmental testing, then Parker is not liable for any remedial costs seems at odds with another provision of the contract providing that Parker will indemnify FAHE "with respect to *any and all* Environmental Liabilities as defined in this Agreement." (DE 15-2, Contract ¶ 6, Indemnification.) (emphasis added.) Further, the definition of "Environmental Liabilities" in the contract makes clear that this broad indemnification includes any and all environmental liabilities "arising from [Parker's] manufacturing process at the Property or caused by the manufacturing facility formerly located on the Property, including, *but not limited to*, those disclosed by [Parker] to [FAHE]." (DE 15-2, Contract ¶10(K)(1)) (emphasis added). Further, the contract provides that Parker will "remain responsible . . . for any Environmental Liabilities or Hazardous Materials conditions caused by the manufacturing

4

facility formerly located on the property . . . ." (DE 15-2, Contract ¶7, Continuing Obligations for Environmental Conditions.) Thus, Parker certainly agreed to remain liable for environmental liabilities caused by it that FAHE may learn of after its purchase of the property.

The Court need not reconcile these provisions in this opinion. On this motion, FAHE has asked the Court to find that the provision prohibiting environmental and Hazardous Material testing is void because it would require FAHE to violate KRS § 224.1-400(18). Because that finding involves factual issues, the Court cannot make it on a motion to dismiss.

FAHE also moves to dismiss Parker's fraud claim against it. Parker asserts that FAHE made misrepresentations to induce Parker to enter into the contract. Specifically, Parker asserts that FAHE falsely represented that it would not conduct elective environmental investigations on the property but also that, if it did conduct such investigations, Parker would not have to indemnify FAHE and, instead, FAHE would indemnify Parker for any losses that Parker suffered as a result of FAHE's breach.

This claim will be dismissed. It is simply a reassertion of Parker's breach of contract claim. A claim for fraud in the inducement cannot be predicated on nonperformance of a contractual obligation. *Mario's Pizzeria, Inc. v. Fed. Sign & Signal Corp.*, 379 S.W.2d 736, 740 (Ky. 1964). Fraud in the inducement applies where a party fraudulently induces another to enter into a contract but it must "concern[] matters extraneous to the contract's terms." 37 Am. Jur. 2nd Fraud § 270. *See also Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 727 (W.D. Ky. 2013) ("This is precisely the sort of fraud claim disallowed by the Kentucky Supreme Court in *Mario's Pizzeria, Inc. v. Federal Sign & Signal Corp.*, because it is entirely predicated upon the mere failure to perform a

contractual obligation . . . .") Accordingly, FAHE's fraud in the inducement claim which is predicated on FAHE's alleged breach of a contractual obligation will be dismissed.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that FAHE's motion to dismiss Parker's counterclaim (DE 15) is GRANTED in part and DENIED in part. The motion is GRANTED as to Parker's claim for fraud in the inducement and that claim is hereby DISMISSED. The motion is otherwise DENIED.

Dated this 19th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY